## No. 10,294.

### JOHNSON, ET AL. *v.* STOVER, RECEIVER.

#### Decided June 5, 1922.

Action to foreclose mechanic's lien. Judgment for plaintiff.

### *Affirmed.*

### On Application for Supersedeas.

1. APPEAL AND ERROR—*Fact Findings.* Findings of fact by the trial court, supported by sufficient evidence, will not be disturbed on review.

2. MECHANICS' LIENS—*Property Subject to Lien.* Under the provisions of section 4029, R. S. 1908, a mechanic's lien attaches to the land of one who knowingly permits his property to be improved, without giving the notice required by the statute.

*Error to the District Court of Phillips County, Hon. L. C. Stephenson, Judge.*

Mr. AVERY T. SEARLE, Mr. T. E. MUNSON, for plaintiffs in error.

Mr. S. E. NAUGLE, Mr. M. C. LEH, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action to foreclose a mechanic's lien. Judgment for plaintiff. Defendants have sued out this writ of error, and apply for a supersedeas.

On March 5, 1920, a contract was entered into between Mrs. H. E. Johnson, one of the defendants, and The Haxtun Plumbing and Heating Company, of which plaintiff is the receiver. The contract was, as the complaint alleges, "for the plumbing and heating of a certain hotel building then to be erected" upon two certain lots in the two of Haxtun, Colorado, the work to be done by the company, and paid for by Mrs. H. E. Johnson in certain installments as the work progressed. The work was duly completed. The plaintiff, as receiver of the contracting company, filed a mechanic's lien statement.

The answer of the defendants alleges that on June 14, 1920, the contracting company agreed to accept, and did thereafter accept, in part payment for the work done, five promissory notes of one Fred Johnson, each note to be and become due on June 14, 1922.

A portion of the brief of plaintiffs in error assumes these allegations to be true and established, and contends that the mechanic's lien was waived or lost, relying on the rule stated in 18 R. C. L. 971, to the effect that "the acceptance of a note which will not reach maturity within the statutory period for enforcing a mechanic's lien is a waiver of the right to a lien." However, the allegations of the answer in reference to this matter were denied in the replication. The issue was found in favor of the plaintiff, and we cannot hold that the finding is manifestly against the weight of the evidence or that it can be set

aside for any other reason. It is not disputed that the five promissory notes were executed and delivered to an escrow holder, but there is testimony that the agreement on the part of the contracting company was to accept notes maturing in 1920, one on July 1st, one on August 1st, etc., and that there was no agreement to accept, nor was there any acceptance of notes maturing in the year 1922. The evidence is sufficient to warrant the finding of the trial court which appears in the bill of exceptions in the following language:

"* * * There isn't a proof required in this case of an agreement between the company and the owner for modification of the building contract in respect to the payments to be made."

Mrs. H. E. Johnson, the party who contracted for the installation of the plumbing and heating fixtures, was the owner of only one of the lots upon which the hotel building was constructed, in which building the fixtures were placed. The other lot was owned by the defendant Charles J. Johnson. The judgment subjects both lots to the mechanics' lien, and it is contended that it was error to subject the lot of Charles J. Johnson to the lien.

Section 4029 R. S. 1908, (Sec. 4584 M. A. S. 1912) provides, among other things, as follows:

"Any building, * * * and every structure or other improvement mentioned in the preceding sections of this act, constructed, * * * upon or in any land, with the knowledge of the owner * * * of such land, * * * shall be held to have been erected, constructed, * * * or done at the instance and request of such owner or person, but so far only as to subject his interest to a lien therefor as in this section provided; and such interest so owned * * * shall be subject to any lien given by the provisions of this act, unless such owner or person, shall, within five days after he shall have obtained notice of the erection, construction, * * * or other improvement, aforesaid, give notice that his interests shall not be subject to any lien for the same, by serving a written

or printed notice to that effect, personally, upon all persons performing labor or furnishing skill, materials, machinery or other fixtures therefor, or shall, within five days after he shall have obtained the notice aforesaid, or notice of the intended erection, construction, * * * or other improvement aforesaid, give such notice as aforesaid by posting and keeping posted a written or printed notice to the effect aforesaid, in some conspicuous place upon said land or upon the building or other improvement situate thereon."

The defendant Charles J. Johnson, nor any other party, neither pleaded nor proved that he gave or attempted to give the notice provided by the statute above quoted. He was in possession of his lot, and at all times knew of the proposed construction, and the construction of the hotel building and the installation of the fixtures therein. The statute fastens the lien on his land by his knowingly permitting the property to be improved. *Stewart v. Talbott*, 58 Colo. 563, 580, 146 Pac. 771, Ann. Cas. 1916C, 1116. The reason for the statute is that it would be inequitable to relieve his property from a lien for improvements' erected thereon with his seeming or real acquiescence. *Grimm v. Yates*, 58 Colo. 268, 278, 145 Pac. 696. See also section 1251 Jones on Liens (2nd ed.)

There is no error in the record. The application for a supersedeas is denied and the judgment is affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT and MR. JUSTICE WHITFORD concur.